UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TYRONE L. SMITH, <br><br> Plaintiff, <br><br> v. <br><br> PRESIDENT JOE BIDEN, et al., <br><br> Defendants. | Civil Action No. <br> 25-10086-BEM |

### ORDER

**MURPHY, J.**

*Pro se* plaintiff Tyrone L. Smith, who is incarcerated in Raiford, Florida, has filed a civil complaint against then-president Joe Biden and Florida Governor Ron DeSantis. He has also filed a motion for leave to proceed *in forma pauperis*. Although the complaint is unclear, it appears Smith is complaining of events leading up to his conviction in Florida, certain judicial proceedings in Florida, and his present conditions of confinement (including the need for protective custody). The alleged events do not appear to have any connection to the Commonwealth of Massachusetts. For the reasons set forth below, the Court will order that this action be transferred to the United States District Court for the Middle District of Florida

The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a). Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case. "[I]n most instances, the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 n.7 (2013) (quoting *Leroy v. Great W. United Corp.*, 443 U.S. 173,

183–84 (1979)). "[T]he venue statutes reflect Congress' intent that venue should always lie in *some* federal court whenever federal courts have personal jurisdiction over the defendant." *Id.* at 56.

The general venue statute provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under the alleged facts of this case, this statute does not provide venue in the District of the Massachusetts. Subsection (1) is inapplicable because the defendants do not reside in the same state. Subsection (2) does not support venue in the District of Massachusetts because a substantial part of the events or omissions giving rise to Plaintiff's claims did not occur in the District of Massachusetts. Because venue exists in the Middle District of Florida, subsection (3) is irrelevant. Further, the Court has no reason to believe that it could exercise personal jurisdiction over both defendants, or over prison officials in Florida who could address custody issues raised by Smith.

Accordingly, pursuant to 28 U.S.C. § 1406(a), the Clerk shall TRANSFER this action is to the United States District Court for the Middle District of Florida. Whether Smith should be permitted to proceed *in forma pauperis* is left for consideration by the transferee court.

**So Ordered.**

Dated: May 12, 2025

/s/ Brian E. Murphy  
Brian E. Murphy  
Judge, United States District Court

2